**YI XIAN LIU, Petitioner,**

v.

**Eric H. HOLDER, Jr., United States Attorney General,\* Respondent.**

**No. 07–3195–ag.**

United States Court of Appeals, Second Circuit.

Oct. 29, 2009.

dure 43(c)(2), Attorney General Eric H. Hold-

Bruno Joseph Bembi, Hempstead, NY, for Petitioner.

Jeffrey S. Bucholtz, Acting Assistant Attorney General; Stephen J. Flynn, Senior Litigation Counsel; Jeffrey R. Meyer, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: DENNIS JACOBS, Chief Judge, JON O. NEWMAN, PIERRE N. LEVAL, Circuit Judges.

### SUMMARY ORDER

Petitioner Yi Xian Liu, a native and citizen of the People's Republic of China, seeks review of a June 28, 2007 order of the BIA, affirming the October 31, 2005 decision of Immigration Judge ("IJ") Theresa Holmes–Simmons, which denied her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Yi Xian Liu,* No. A098 975 183 (B.I.A. June 28, 2007), *aff'g* No. A098 975 183 (Immig. Ct. N.Y. City Oct. 31, 2005). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA affirms the IJ's decision in all respects but one and supplements the IJ's decision, we review the IJ's decision as modified and supplemented by the BIA decision. *See Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 522 (2d Cir.2005). We review the agency's factual findings under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see also Corovic v. Mukasey,* 519 F.3d 90, 95 (2d Cir.2008). We review *de novo* questions of law and the application of law to undisputed fact. *Salimatou Bah v. Mukasey,* 529 F.3d 99, 110 (2d Cir.2008).

The BIA did not err in finding that the evidence in the record of Liu's case did not establish that she has a well-founded fear of forced sterilization based on the birth of her U.S. citizen children. Indeed, we have previously reviewed the BIA's consideration of evidence similar to that which Liu submitted and have found no error in its conclusion that such evidence is insufficient to establish an objectively reasonable fear of persecution. *See Jian Hui Shao v. Mukasey,* 546 F.3d 138, 156–65 (2d Cir. 2008).

Moreover, contrary to the parties' contentions, the BIA did not treat Liu's remand request as a separate motion. Instead, to the extent that Liu requested remand for the IJ to consider a particular U.S. Department of State report and the documents at issue in *Shou Yung Guo v. Gonzales,* 463 F.3d 109 (2d Cir.2006), the BIA reasonably relied on its own precedential decisions analyzing such evidence in an analogous context. *See Jian Hui Shao,* 546 F.3d at 166–68 (citing 8 C.F.R. § 1003.1(d)(3)(iv) (authorizing the BIA's taking of "administrative notice of commonly known facts such as current events or the contents of official documents")); *see also Wei Guang Wang v. BIA,* 437 F.3d 270, 275 (2d Cir.2006) (noting that while the BIA must consider evidence such as "the oft-cited Aird affidavit, which [it] is asked to consider time and again[,] . . . it may do so in summary fashion").

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that

er, Jr. is automatically substituted for former Attorney General Alberto R. Gonzales as respondent in this case.

the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

